IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY,
Individually and on behalf of a class
of all persons and entities similarly situated;

      Plaintiffs,

v.

ADVENTIS, INC., a
Former Virginia stock corporation;
ADVENTIS ACQUISITION, INC., its parent;
SKYLINE METRICS, LLC,
a Virginia limited liability company;
LONGWOOD INDUSTRIES, INC.,
A Virginia corporation;
BRYANT F. CASS, an individual, and
JOHN DOE DEFENDANTS;

      Defendants.

ELECTRONICALLY FILED
Dec 13 2019
U.S. DISTRICT COURT
Northern District of WV

Civil Action No. 5:19-CV-332 (Stamp)

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.    Plaintiff Diana Mey brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., and the telemarketing provisions of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W.Va. Code § 46A-6F-101, et seq.  These statutes were enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-371 (2012).

2.    According to the Federal Trade Commission's December 2017 Biennial Report to Congress, the emergence of new communications technologies has caused the number of illegal telemarketing calls to explode in recent years. Consumer complaints to the FTC about illegal

calls have more than quintupled from 2009 to 2017, growing from about 63,000 per month in 2009 to an average of more than 375,000 per month in 2017.

3. The sheer volume of illegal telemarketing overwhelms the enforcement efforts of government agencies such as the FTC and the Federal Communications Commission. Consequently, private consumer enforcement actions, which Congress authorized when it enacted the TCPA in 1991, play a critical role in combatting illegal telemarketing.

4. Plaintiff brings this action to enforce the telemarketing laws against Defendants Adventis, Inc., Adventis Acquisition, Skyline Metrics, LLC, Longwood Industries, Inc., Bryant F. Cass and any Authorized Dealers. These Defendants knowingly and willfully ignore the strictures of telemarketing laws and/or turn a blind eye to any agents who use blatantly illegal practices to sell the Defendants' services.  Meanwhile, the Defendants gratefully accept the new business generated by the en masse robocalls.

5. Telemarketing abuses are enabled through a compensation structure among Defendants that incentivizes scofflaw telemarketing and financially benefits each Defendant.

6. Under the TCPA and WVCCPA, these efforts to shirk responsibility fail. The statutes impose liability not only on the entities that actually dial or place illegal telemarketing calls, but also on those entities that benefit from them.  To the extent that the named Defendants use such agents to make calls on their behalf, the Defendants are vicariously liable.

7. Vicarious liability is an essential feature of the remedial provisions and purposes of the TCPA. According to the FCC, the agency charged with interpreting the statute, a seller is not shielded from liability simply because others violate the law on its behalf and for its benefit. This is so in part because the agents, dealers, or lead-generators that place illegal calls often are judgment proof and difficult to identify, and sellers like the Defendants are best positioned to

monitor and control their activities. Under these circumstances, and in service of protecting consumers from the nuisance and privacy-invasion of unwanted telemarketing, liability is imputed to the more reputable and more financially solvent sellers—here, Adventis, Inc., Adventis Acquisition, Inc., Skyline Metrics, LLC., and Longwood Industries, Inc.

8. Plaintiff brings this action to enforce the TCPA's strict limits on telemarketing calls placed through automated telephone dialing systems ("ATDS") and artificial or prerecorded voice messages to cellular phone lines. On behalf of the proposed class defined below, Plaintiff seeks statutorily authorized damages of $500-$1500 per illegal call, as well as injunctive relief requiring Defendants to comply with the law.

9. Plaintiff further brings this action to enforce the West Virginia Consumer Credit Protection Act ("WVCCPA"), W.Va. Code § 46A-6F-101 et seq., which prohibits abusive acts and practices such as placing telemarketing calls to persons who have previously indicated that they did not wish to receive calls made by or on behalf of a telemarketer whose goods or services are offered.  W.Va.Code § 46A-6F-601.  On behalf of the proposed class defined below, Plaintiff seeks statutorily authorized damages of $100-$3,000 per illegal call, as well as injunctive relief requiring Defendants to comply with the law.  W.Va. Code § 46A-6F-701.

**Parties**

10. The Plaintiff, Diana Mey, resides in this district.

11. Defendant, Adventis, Inc. was, from March 26, 2002 to July 31, 2018, a Virginia stock corporation that transacted business in this district at times applicable to this Complaint. On July 31, 2018, it terminated by operation of law for failing to renew its registration. From November 2006 to 2018, its principal office address was 312 2nd Street, SW, Roanoke, Virginia

24011.  Adventis, Inc. registered and did business under the fictitious names The Big Lot!, Independent Systems, Autohopper, and Open Focus.

12. Defendant Adventis Acquisition, Inc., is a Virginia corporation that transacts business throughout the United States, including this District. Upon information and belief, Adventis Acquisition, Inc. is the parent company to Adventis, Inc. and financially benefits from the actions of Adventis, Inc.

13. Defendant Skyline Metrics, LLC, is a Virginia limited liability company that transacts business throughout the United States, including this District.  On July 6, 2017, Skyline Metrics, LLC registered the fictitious business name, Once Driven, listing its principal office address as 312 2nd Street, SW, Roanoke, Virginia 24011.

14. Defendant Bryant F. Cass is, is a resident of Roanoke, Virginia. From June 21, 2017 to the present, he served as the registered agent for Skyline Metrics, LLC, and on information and belief is also a member and manager of Skyline Metrics, LLC. From August 20, 2002 to July 31, 2018, he was the president of, a director of, and the registered agent for Adventis, Inc. At all times material to this Complaint, acting alone or in concert with others, he has formulated, managed, directed, controlled, or participated in the illegal acts and practices of Skyline Metrics, LLC and Adventis, Inc. set forth in this Complaint.

15. Defendant Longwood Industries, Inc., is a Virginia corporation that transacts business throughout the United States, including this District. Upon information and belief, Longwood Industries, Inc. has affiliate ties and common officers with the Adventis corporations and Skyline Metrics, LLC; and has also strategically positioned itself to reap profit from the telemarketing efforts of Adventis, Inc., Skyline Metrics, LLC and other Defendants.  As such, Longwood Industries, Inc. is vicariously liable for the acts complained of herein.

16. The entities described above may also be operating through and working with one or more presently unknown entities to make illegal telephone calls. Those entities are presently named in the style as Joe Doe Defendants.

17. Defendants are telemarketers and/or engaged in telemarketing as defined by the West Virginia Consumer Credit Protection Act, W.Va. Code § 46A-6F-113.

18. Plaintiff Diana Mey and proposed class members are persons who received telemarketing calls as defined by the West Virginia Consumer Credit Protection Act, W.Va. Code § 46A-6F-109.

19. Defendants engaged in telemarketing solicitations as defined by W.Va. Code § 46A-6F-112.

**Jurisdiction and Venue**

20. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

21. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—the automated calls to Plaintiff—occurred in this District.

22. This Court has personal jurisdiction under the West Virginia Long Arm statute, W.Va. Code 56-3-33 because Defendants engaged in a persistent course of conduct and purposefully sought to transact business within this State, thereby having sufficient minimum contacts to satisfy due process concerns.

23. Defendants' actions caused damage within this State.

24. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367 because the state law claim arises from the same illegal conduct as the federal claim.

5

**Statutory Background**

25. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5)(1991) (codified at 47 U.S.C. § 227).

26. Perhaps the most well-known aspect of the TCPA was the creation of the National Do Not Call Registry. By adding a telephone number to the Registry, a consumer indicates her desire not to receive telephone solicitations. *See* 47 C.F.R. § 64.1200(c)(2).

27. Accordingly, the TCPA and its implementing regulations make it unlawful to (1) make calls to cellular telephone lines using an "automatic telephone dialing system," or (2) make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.Rcd. 1830, 1844 (2012).

28. The FCC has explained that such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and can be costly and inconvenient.

29. Because allowing an entity "to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions," the FCC has consistently held that a corporation or other entity "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory*

*Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

30. Further, a corporate officer or other employee who, acting on behalf of the corporation, directly participates in or authorizes a violation of the TCPA may be individually liable. *See Maryland v. Universal Elections*, 787 F.Supp.2d 408, 416 (D.Md. 2011).

31. Here, the corporate officers named had direct participation in the telemarketing conduct at issue or authorized and oversaw the same.

32. The West Virginia Consumer Credit Protection Act, ("WVCCPA"), W.Va. Code § 46A-6F-601(3) states that it is an abusive telemarketing act or practice and a violation of that article for any telemarketer to initiate an outbound telephone call to a person when that person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the telemarketer whose goods or services are being offered.

33. The WVCCPA provides that in addition to actual damages, a consumer has a cause of action to recover from the violator a penalty in an amount, to be determined by the court, of not less than one hundred dollars nor more than three thousand dollars per violation. W.Va. Code § 46A-6F-701.

34. The WVCCPA further provides that awards may be adjusted for inflation, and the enumerated remedies are not exclusive. W.Va. Code § 46A-6F-701, 702.

35. As under the TCPA, principles of vicarious liability apply under the WVCCPA such that parties who benefit from telemarketing infractions may be liable for the acts of agents who operate on their behalf or subject to their control.

**Facts**

36.   Defendants or their agents call patrons who list their vehicles for sale on Craigslist and other similar sites, claiming that they will help patrons find purchasers for their vehicles in exchange for a fee.

37.   Upon information and belief, Defendants or their agents use webcrawling software to harvest consumers' online posts, capturing consumers' telephone phone numbers and vehicle descriptions.

38.   Upon information and belief, Defendants or their agents then use the telephone numbers they secure to initiate automated outbound telephone calls to those numbers. Consumers start receiving unsolicited calls from Defendants or their agents shortly after listing their vehicles. Such calls are made without the consumers' prior written consent.

39.   From 2018 to 2019, Defendants charged the vehicle sellers $289 for their service. However, according to consumer complaints, little to no service is rendered, and Defendants in most cases pocket the money and refuse to refund it.

40.   Consumer complaints listed on public sites against Once Driven go back as far as 2013.

41.   In 2017, Plaintiff Diana Mey listed a vehicle for sale on Craigslist.  Her ad expressly indicated that she did not wish to be contacted with unsolicited services or offers.

42.   On December 18, 2017, Plaintiff Diana Mey received an automated telemarketing call to her cellular telephone line, (304) XXX-9200, a number that had been listed on the National Do Not Call Registry for more than two years prior to the call.

43.   The call originated from telephone number (540) 751-3319.

44. Plaintiff answered the call and heard nothing from the caller. After several prompts and no response, the caller disconnected.

45. This call was made using an automated telephonic dialing system.

46. Ms. Mey never gave the Defendants consent to call her cellular phone using an autodialer.

47. The originating number, (540) 751-3319 is associated with "Once Driven," one of the fictitious names under which Adventis, Inc. and other Defendants operate and do business.

## Class Action Allegations

48. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of all other persons or entities similarly situated throughout the United States.

49. The first class of persons Plaintiff proposes to represent include:

> All persons within the United States to whom, within the four years prior to the filing of this action, Defendants (a) placed a call on a cellular telephone line, (b) using equipment that has the capacity to dial numbers automatically without human intervention, (c) on behalf of Defendants or one or more of them.

50. The second class of persons Plaintiff proposes to represent include those whose rights under W.Va. Code § 46A-6F-601(3) have been violated, to-wit:

> All persons within the State of West Virginia to whom, within the two years prior to the filing of this action, Defendants initiated an outbound telephone call, despite that person's prior statement that he or she did not wish to receive a call made by or on behalf of the telemarketer whose goods or services are being offered.

51. Excluded from the class are the Defendants, any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

52. The proposed class members are identifiable through phone records and phone number databases that will be obtained through discovery.

53. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

54. Plaintiff Diana Mey is a member of both classes.

55. There are questions of law and fact common to Plaintiff and the proposed classes, including but not limited to:

   a. Whether the Defendants or their agents used an automatic telephone dialing system to send telemarketing calls to class members' cellular phones;

   b. Whether the Defendants' violations of the TCPA were negligent, willful, or knowing;

   c. Whether the Defendants or their agents violated the WVCCPA's abusive acts and practices provision, § 46A-6F-601;

   d. Whether the Defendants or their agents placed telemarketing calls without obtaining class members' valid prior express written consent;

   e. Whether the Plaintiff and class members are entitled to penalties and other damages under either statute because of the Defendants' actions.

56. Plaintiff's claims are based on the same facts and legal theories, and therefore are typical of, the claims of class members.

57. Plaintiff is an adequate representative of the classes because her interests do not conflict with those of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

58. The actions of the Defendants are applicable to the classes and to Plaintiff.

59. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class

members, which will be ascertainable from records maintained by Defendants and through reliable databases.

60.   The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## COUNT I

### Violation of the TCPA's provisions prohibiting autodialed calls to cell phones

61.   Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62.   Defendants violated the TCPA, either directly or through the actions of others, by initiating a telephone call to Plaintiff's and class members' cellular telephone lines using an automatic telephone dialing system.  See 47 U.S.C. § 227(b)(1)(A).

63.   The Defendants' violations were willful and/or knowing.

## COUNT II

### Violation of the WVCCPA's provisions prohibiting calls without prior express written consent

64.   Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

65.   The Defendant(s) violated the abusive acts and practices provisions of the WVCCPA, either directly or through the actions of others, by initiating one or more calls to Plaintiff and class members who had previously indicated that they did not wish to receive calls made by them or on their behalves. W.Va. Code § 46A-6F-601.

**Relief Sought**

Plaintiff requests the following relief:

A.       That the Court certify the proposed classes;

B.       That the Court appoint Plaintiff as class representative of both proposed classes;

C.       That the Court appoint the undersigned counsel as counsel for the classes;

D.       That the Court enter a judgment permanently enjoining the Defendants from engaging in or relying upon telemarketing, or alternatively, from engaging in or relying upon telemarketing that violates the TCPA and/or WVCCPA;

E.       That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendants' compliance with the TCPA and WVCCPA;

F.       That the Court enter a judgment finding that Defendants are jointly and severally liable to Plaintiffs and all class members for all violations arising from such calls;

G.       That Defendants and their agents, or anyone acting on their behalves, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

H.       That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation;

I.       That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $100 to $3,000 per violation of the WVCCPA;

J.       That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

    K.    That the Plaintiff and all class members be granted other relief as is just and quitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the Complaint so triable.**

Dated:  December 13, 2019

Respectfully submitted,

Plaintiff,

By Counsel,

 */s/ Sharon F. Iskra*
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Sharon F. Iskra (WV Bar No. 6582)
Benjamin J. Hogan (WV Bar No. 12997)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com
bhogan@baileyglasser.com