IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY,
Individually and on behalf of a class
of all persons and entities similarly situated;

        Plaintiffs,

v.                                         Civil Action No. 5:19-cv-332

ADVENTIS, INC., a
Former Virginia stock corporation;
ADVENTIS ACQUISITION, INC., its parent;
SKYLINE METRICS, LLC,
A Virginia limited liability company;
LONGWOOD INDUSTRIES, INC.,
A Virginia corporation;
BRYANT F. CASS, an individual, and
JOHN DOE DEFENDANTS,

        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AS TO DEFENDANTS BRYANT F. CASS; ADVENTIS, INC.; ADVENTIS ACQUISITION, INC.; AND SKYLINE METRICS, LLC; AND FOR EXTENSION OF TIME IN WHICH TO SERVE DEFENDANT LONGWOOD INDUSTRIES, INC.

### *Factual Background and Procedural History*

Plaintiff's class action Complaint was filed on December 13, 2019, alleging infractions of the Telephone Consumer Protection Act ("TCPA") and West Virginia Consumer Credit Protection Act ("WVCCPA"), § 46A-6F-601 et seq. against Mr. Bryant F. Cass; Adventis, Inc.; Adventis Acquisition, Inc.; Skyline Metrics, LLC; and Longwood Industries, Inc. ECF No. 1.

On January 10, 2020, Ms. Mey's process agent personally served a copy of the Complaint and Summons upon Mr. Cass at 6663 Cotton Hill Road, Roanoke, VA 24018. *Exhibit A,* Affidavit of Process Server Mark Spar. As alleged in the Complaint, and as verified by the attached exhibits,

Mr. Cass is the President and registered agent of defendants Adventis Acquisition, Inc. and Adventis, Inc. *Exhibit B*, screenshots of Virginia Secretary of State's Business Files, accessed 3/28/2020. He is also listed as the registered agent and member/manager of Skyline Metrics, LLC. *Id.* None of these parties have timely answered or appeared.

Ms. Mey also initiated service upon Longwood Industries, Inc. through the West Virginia Secretary of State's office on January 3, 2020. ECF No. 10. The Secretary of State directed registered mail, return receipt requested, to the company's designated address. However, on March 13, 2020 this mail was returned unclaimed. ECF No. 14.

Ms. Mey now seeks entry of default as to Mr. Cass, both Adventis entities, and Skyline pursuant to Federal Rule of Civil Procedure 55(a), and requests an extension of 90 days in which to renew her efforts to serve Longwood via its officers.

### Argument

**A.    Defendants Bryant Cass, the Adventis entities, and Skyline have failed to timely answer despite effective service of process, and the Court should enter default against them.**

Rule 4 (h) of the Federal Rules of Civil Procedure provides that corporations and unincorporated associations may be served in the same manner as service upon an individual under Rule 4(e)(1), or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process. Fed.R.Civ.P. 4(h)(1)(A), (B); Fed.R.Civ.P.4(e)(2)(A); W.Va.R.Civ.P. 4(8)(A), (B), (9).[1]

---

1 All three of these corporations (and Longwood Industries, below) are listed as inactive, which complicates service through normal channels such as the Secretary of State. However, a dissolved corporation may still be sued in its corporate name. W.Va. Code § 31D-14-1405(b) (5) (2009); *AIG Domestic Claims, Inc. v. Hess Oil Co., Inc*., 751 S.E.2d 31, 38 (W.Va. 2013). Claims are enforceable against the corporation to the extent of its undistributed assets or against shareholders to the extent of their shares of the assets distributed to them in liquidation. *Id.*, *citing* W.Va. Code § 31D-1407(d) (2009).

When service is made upon an agent, that person must be of sufficient rank and character to make it reasonably certain that the defendant will be apprised of service made through that agent. *Ballard v. PNC Financial Svc. Group Inc*., 620 F.Supp.2d 733, 737 (S.D.W.Va. 2009), *citing Bailey v. Boilermakers Local 667*, 480 F.Supp. 274, 278 (N.D.W.Va. 1979).  Receipt of actual notice is an important factor in considering whether service of process was adequate. *Ballard* at 737, *citing Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n. 14 (11th Cir.2003) (*citing Hanna v. Plumer*, 380 U.S. 460, 463 n. 1, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)(dictum) and *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).  Where actual notice of the commencement of the action and duty to defend has been received by the one served, the provisions of the rules governing service of process should be liberally construed to effectuate service and uphold the court's jurisdiction. *Ballard* at 737, *citing Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963).

In this case, Mr. Cass was personally served with the Complaint on January 10, 2020 in his individual capacity, but also while designated as President and registered agent of both Adventis, Inc. and Adventis Acquisition, Inc., as well as member/manager and registered agent for Skyline Metrics, LLC, all of whom were plainly identified on the face of the Complaint and the Summons. *Exhibit B*.  Actual knowledge was imputed to each as of that date, but the docket reflects that none have answered or appeared.  Accordingly, entry of default is appropriate as under Rule 55(a) of the Federal Rules of Civil Procedure:

**RULE 55. Default; Default Judgment**

(a) *ENTERING A DEFAULT*. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Plaintiff respectfully requests that the Court direct the Clerk to enter default as to Mr. Cass, Adventis Acquisition, Inc.; Adventis, Inc.; and Skyline Metrics, LLC.[2]

**B.   The Court should allow Ms. Mey an additional 90 days in which to serve Longwood Industries, Inc.**

Longwood Industries, Inc. is a Virginia corporation with a listed principal office address of 1617 Longwood Avenue, Bedford VA 24523. *Exhibit D*, Virginia Secretary of State's Business Files. Mr. Jeffrey Witt is designated as the registered agent at this same address. *Id.* Ms. Mey delivered her Complaint and Summons to the Secretary of State for delivery on January 3, 2020 and directed service at this address. ECF No. 10. However, on March 13, 2020 this mail was returned unclaimed. ECF No. 14.

Service of process is insufficient when a registered mailing is returned as unclaimed. *United Bankshares Inc v. First Niagara Bank*, 167 F.Supp.3d 822, 824 (S.D.W.Va. 2016); *Sayers v. Antero Resources Corp.*, 2015 WL 520414 (N.D.W.Va., Feb. 9, 2015) at *5. Plaintiff thus seeks an extension in which to continue her efforts at service as allowed by Rule 4(m) of the Federal Rules of Civil Procedure:

> (m) TIME LIMIT FOR SERVICE.  If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[2] Contemporaneously with her personal service efforts, Ms. Mey also initiated service upon all corporate parties through the West Virginia Secretary of State.  The Summons were returned executed as to Skyline, Adventis, Inc., Adventis Acquisition, Inc., and Longwood Industries, Inc. on January 3, 2020.  ECF No. 8, 9, 10, 11.  However, the Secretary's registered mail to Adventis, Inc. and Skyline were recorded as "unclaimed" on 2/24/20. ECF No. 12, 13. Meanwhile, registered mail to Adventis Acquisition, Inc. was signed and received on 1/09/2020 at 6663 Cotton Hill Road in Roanoke by "Catherine Cass." *Exhibit C*, Secretary of State receipt as to Adventis Acquisition, Inc.

Plaintiff had no knowledge that the registered mail was returned unclaimed (and service ineffective) until the latent notice of March 13, 2020.  Since receipt of that information, Plaintiff has identified the Chairman, Secretary, and Treasurer of Longwood and directed process servers to attempt personal service upon them at listed addresses.[3]

For good cause shown, Plaintiff asks that she be granted 90 days in which to effect service upon Longwood through one or more of these officers. In addition, should the Court deny Plaintiff's motion for entry of default or find any defect in service upon remaining defendants, Plaintiff asks that she be granted the same extension of time to continue efforts upon those parties.

Dated:  April 3, 2020

Respectfully submitted,

Plaintiff,
By Counsel,

*/s/ Sharon F. Iskra*
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Sharon F. Iskra (WV Bar No. 6582)
Benjamin J. Hogan (WV Bar No. 12997)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com
bhogan@baileyglasser.com

---

[3] While Rule 4(m) also authorizes dismissal of the action for failure to effect service within 90 days, that would bar Plaintiff's claims due to the expiration of the statute of limitations. This Court ruled dismissal inappropriate in those circumstances in *Sayers,* supra at *7.

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY,**
**Individually and on behalf of a class**
**of all persons and entities similarly situated;**

        **Plaintiffs,**

**v.**                                            **Civil Action No. 5:19-cv-332**

**ADVENTIS, INC., a**
**Former Virginia stock corporation;**
**ADVENTIS ACQUISITION, INC., its parent;**
**SKYLINE METRICS, LLC,**
**A Virginia limited liability company;**
**LONGWOOD INDUSTRIES, INC.,**
**A Virginia corporation;**
**BRYANT F. CASS, an individual, and**
**JOHN DOE DEFENDANTS,**

        **Defendants.**

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that on April 3, 2020, a true and accurate copy of ***Memorandum of Law in Support of Plaintiff's Motion for Entry of Default as to Defendants Bryant F. Cass; Adventis, Inc.; Adventis Acquisition, Inc.; and Skyline Metrics, LLC; and for Extension of Time in which to Serve Defendant Longwood Industries, Inc.*** was served upon parties by depositing the same in the United States mail, via certified mail, postage prepaid and sealed in an envelope, addressed as follows:

                      Adventis Acquisition, Inc.
                      Bryant Cass, Registered Agent
                      6663 Cotton Hill Road
                      Roanoke, VA 24018

                      Adventis, Inc.
                      312 2nd Street
                      Roanoke, VA 24011

                      Skyline Metrics, LLC
                      Bryant Cass, Registered Agent
                      312 2nd Street
                      Roanoke, VA 24011

Longwood Industries, Inc
Jeffrey D. Witt, Registered Agent
1617 Longwood Avenue
Bedford, VA 24523

Bryant Cass
6663 Cotton Hill Road
Roanoke, VA 24018


_/s/Sharon F. Iskra_____
Sharon F. Iskra, Esq (WV Bar # 6582)