# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**DIANA MEY,** Individiually and on
behalf of a class of all persons and
entities similarly situated,

        Plaintiffs,

v.                                                                          **CIVIL ACTION NO. 5:19-CV-332**
                                                                     Judge Bailey

**ADVENTIS, INC.,** a Former Virginia
stock corporation, **ADVENTIS
ACQUISITION, INC.,** its parent,
**SKYLINE METRICS, LLC,** a
Virginia limited liability company,
**LONGWOOD INDUSTRIES, INC.,**
a Virginia corporation, **BRYANT F.
CASS,** an individual, and **JOHN DOE
DEFENDANTS,**

        Defendants.

## ORDER

Presently pending before this Court is Plaintiff's Motion for Entry of Default Judgment as to Defendants Bryant F. Cass; Adventis, Inc.; Adventis Acquisition, Inc.; and Skyline Metrics, LLC [Doc. 19], filed August 18, 2021. Therein, pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiffs' request an entry of default judgment as to defendants Bryant F. Cass; Adventis, Inc.; Adventis Acquisition, Inc.; and Skyline Metrics, LLC "because they have been properly served, they are in default, and they have failed to respond or otherwise appear to defend this action." *See* [Doc. 20 at 1].

1

This Court granted plaintiff's Motion for Entry of Default on April 28, 2020. *See* [Doc. 17]. The Clerk entered default against defendants Bryant F. Cass; Adventis, Inc.; Adventis Acquisition, Inc.; and Skyline Metrics, LLC the same day. *See* [Doc. 18].

Once default is entered by the clerk, a party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing. . . ." Fed. R. Civ. P. 55(b)(1). However, in cases when the sum is not certain, default can only be made by the Court. Fed. R. Civ. P. 55(b)(2).

Upon default, all of the well-pleaded facts alleged in the Complaint, as to liability, are deemed admitted, but the amount of damages are not. ***Ryan v. Homecoming Fin. Network***, 253 F.3d 778, 780 (4th Cir. 2001). However, Federal Rule of Civil Procedure 54(c) limits the court's discretion in entering default judgment: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

It is well-established in the Fourth Circuit that default judgments are to be granted sparingly. *See, e.g.*, ***Lolatchy v. Arthur Murray, Inc.***, 816 F.2d 951, 953 (4th Cir. 1987). "[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." ***United States v. Moradi***, 673 F.2d 725, 727 (4th Cir. 1982). Moreover, under the law of the Fourth Circuit, a defaulting party should be granted relief if it acts reasonably promptly to set aside the default and alleges a

2

meritorious defense. *U.S. v. Moradi*, 673 F.2d 7251 727 (4th Cir. 1982); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 252 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). "Whether a party has taken 'reasonable prompt' action . . . must be gauged in light of the facts and circumstances of each occasion. Further, all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727.

Even though default judgments are to be granted sparingly, this Court finds default judgment is appropriate in this case. The damages claimed in this case include statutory penalties prescribed by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 27(b), and the West Virginia Consumer Credit Protection Act ("WVCCPA"), W.Va. Code § 46A-6F-701(b). The TCPA sets penalties at $500.00 to $1,500.00 per violation, depending on whether the violations were knowing and willful. 47 U.S.C. § 227(b)(3)(B) and (C). The WVCCPA sets penalties at $100.00 to $3,000.00 per violation to be determined by the court. W.Va. Code § 46A-6F-701(b).

This Court is of the opinion that Plaintiff's Motion for Entry of Default Judgment as to Defendants Bryant F. Cass; Adventis, Inc.; Adventis Acquisition, Inc.; and Skyline Metrics, LLC **[Doc. 19]**, should be, and the same hereby is **GRANTED**. Because the unrebbuted evidence demonstrates that the unlawful call was made knowingly and willfully and in direct violation of plaintiffs' specific demand not to receive prerecorded or autodialed calls, this Court finds that the maximum statutory penalties are appropriate under both the

TCPA ($1,500.00) and the WVCCPA ($3,000.00). Therefore, this Court hereby **ORDERS** the Clerk to enter default judgment in the amount of **$4,500.00** jointly and severally against Bryant F. Cass; Adventis, Inc.; Adventis Acquisition, Inc.; and Skyline Metrics, LLC. Additionally, this Court **ORDERS** defendants Bryant F. Cass; Adventis, Inc.; Adventis Acquisition, Inc.; and Skyline Metrics, LLC from engaging in or relying upon telemarketing that violates the TCPA and the WVCCPA.

As a final matter, defendants Bryant F. Cass; Adventis, Inc.; Adventis Acquisition, Inc.; and Skyline Metrics, LLC are hereby **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: August 25, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

4